UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE MCGHIEY and NORENE
MCGHIEY,

    Plaintiffs,

v.                                               Case No: 6:18-cv-2076-Orl-28TBS

ORANGE LAKE COUNTRY CLUB, INC.,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Defendant/Counterclaim-Plaintiff Orange Lake Country Club, Inc.'s Motion to Compel Against Plaintiff/Counterclaim-Defendant Lawrence McGhiey and Motion to Strike His Discovery Responses (Doc. 57). Mr. McGhiey has filed a response in opposition to the motion (Doc. 70).

Plaintiffs Lawrence and Norene McGhiey are 80 years old and have been married for almost 60 years (Doc. 70 at 2). They purchased a timeshare from Defendant Orange Lake Country Club, Inc. in 2016 (Doc. 1, ¶ 34). As part of the transaction, Plaintiffs executed a promissory note and mortgage (Doc. 1-1 at 24-26). They failed to make the note payment due July 15, 2018 and all subsequent payments, and Defendant sent multiple collection letters (Doc. 17, ¶ 42; Doc. 1-1 at 4, 6, 9, 12, 15, 29, 35). Plaintiffs engaged DC Capital Law, LLP to respond to those collection letters (Id.). In December 2018 Plaintiffs caused DC Capital Law to file this lawsuit alleging that Defendant's attempts to collect the note violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act (Doc. 1). Defendant has answered and

counterclaimed on the note, and to recover damages from DC Capital Law and Newton Group Transfers, LLC for tortious interference with contract and civil conspiracy (Doc. 60). Plaintiffs hired the Bush Ross, P.A. law firm to represent them on the counterclaim (Doc. 67). As a result, Plaintiffs are now represented by two law firms, each handling a different piece of this case.

When Plaintiffs made their FED. R. CIV. P. 26(f) disclosures both law firms listed Lawrence McGhiey as a fact witness (Doc. 57 at 4-5) and at least one of the firms listed his treating doctor as a witness who will provide testimony concerning Mr. McGhiey's "mental and physical condition" (Doc. 70 at 4).

On March 29, 2019 Defendant served identical requests for production and interrogatories on both Plaintiffs (Doc. 69 at 3). This discovery concerns the complaint and counterclaim. One of Plaintiffs' lawyers says this created a challenge for counsel in deciding who should handle which of the requests and interrogatories (Doc. 70 at 8). This may have been why Defendant agreed that Plaintiffs could have through May 9, 2019 to respond to the discovery (Doc. 57 at 2).

Plaintiffs served their responses, without certificates of service, and without the signature of their lawyers on May 13, 2019 (Id.). Plaintiffs explain that their initial discovery responses "were not signed by counsel given the hybrid nature of the request." (Doc. 70 at 4). Mrs. McGhiey produced approximately 60 pages of information with her responses (Id.). The Court is under the impression that Mr. McGhiey did not produce anything. Counsel conferred on May 21 and on May 27, Mrs. McGhiey produced more than 150 additional pages (Id.). On June 6 she provided a privilege log (Id., at 5).

Mr. McGhiey responded to each request and all but three of the interrogatories[1] as follows:

> Objection. Mr. McGhiey lacks the capacity to answer this request for production [or interrogatory]. As stated in the Doctor's Note attached hereto as Exhibit "A," Mr. McGhiey has been diagnosed with "dementia in Alzheimer's disease with early onset from minimum since 2009." Therefore, Mr. McGhiey is unable to respond to this request [or interrogatory]. The information responsive to this request [or interrogatory] can be found in Norene McGhiey's Responses to OLCC's First Request for Production [or Answers to OLCC's First Set of Interrogatories], which has been contemporaneously filed with this response.

(Doc. 57 at 2). Due to confidentiality concerns, the full doctor's note has not been produced but Defendant represents that the relevant part says: "This letter is to state that is [sic] under my name. He has diagnosis of dementia in Alzheimer's disease with early onset from minimum since 2009. If you have any questions or concerns please call my office 217-xxx-xxxx. Thank you for your help and concern." (Id.). At Defendant's request, Mr. McGhiey signed and delivered an Authorization for Release of Protected Health Information (Doc. 57-8). The authorization is for his "[e]ntire medical record with no date restrictions." (Id., at 3). Apparently, Defendant's lawyers have not yet received this information from the doctor(s).

Mr. McGhiey's responses to Defendant's discovery begin with the word "Objection" but that by itself, is insufficient to satisfy the requirements of FED. R. CIV. P. 33(b)(4) and 34(b)(2)(C). The question is, on what ground has he objected? He argues in his memorandum, without citation to any legal authority, that "[a]n objection based on capacity or a medical diagnosis is based on a claim of privilege and is not waived." (Doc.

---

[1] Those three interrogatories are not the subject of this motion to compel.

70 at 11). The Court is not persuaded. The two reasons the Court can think of to make an objection here would be in response to questions and requests that are improper and to preserve a right or privilege. Mr. McGhiey has not alleged that there is anything improper about Defendant's requests for production and interrogatories. And, he has failed to claim that the discovery seeks to invade any right or privilege he possesses. In fact, insofar as his medical condition is concerned, he has already given defense counsel a full authorization to obtain his medical records. Now, the Court finds that Mr. McGhiey failed to assert any cognizable objection to the discovery.

Even if Mr. McGhiey had successfully interposed an objection, his responses were untimely and as a result, he waived whatever objections he may have had. Caldwell v. Compass Entertainment Group, LLC, No. 6:14-cv-1703-Orl-41TBS, 2014 WL 7067270 at *1 (M.D. Fla. Dec. 12, 2014); Molina v. Hentech, LLC, No. 6:13-cv-1111-Orl-22KRS, 2014 WL 12625948, at *1 (M.D. Fla. Oct. 15, 2014). "'Any other result would … completely frustrate the time limits contained in the Federal Rules and give license to litigants to ignore the time limits for discovery without any adverse consequences.'" Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988) (quoting Slauenwhite v. Bekum Maschinenfabriken, GMBH, 35 F.R. Serv.2d 975 (D. Mass. 1983).

Mr. McGhiey cites Johnson v. New Destiny Christian Center Church, Inc., No. 6:15-cv-1698-Orl-37GJK, 2016 WL 11187163 at *1 (M.D. Fla. Aug. 19, 2016), for the proposition that his untimely answers and responses to interrogatories and requests for production did not waive his objections based on recognized privileges (Doc. 70 at 11). There are two problems with this argument. First, he has not claimed a recognized privilege. Second, the Court disagrees with this statement in Johnson because the two reported cases on which it relies do not support the conclusion the court reached. In

Bailey v. City of Daytona Beach Shores, No. 6:12-cv-71-Orl-18TBS, 286 F.R.D. 625, 627 (M.D. Fla. Oct. 23, 2012) this Court found that the defendant had waived the protection afforded by the work product doctrine by failing to timely respond to written discovery. Id. at 628. In Reliance Ins. Co. v. Core Carriers, Inc., No. 3:06-cv-585-J-20MCR, 2008 WL 2414041 at *2 (M.D. Fla. June 11, 2008), the court held that the plaintiff had waived all objections by failing to timely object to the defendant's discovery. In arriving at this conclusion, the Reliance court cited Third Party Verification, Inc. v. SignatureLink, Inc., 2007 WL 1288361 at *3 (M.D. Fla. 2007) ("A party who fails to file timely objections waives all objections, including those based on privilege or work product."). Even if Mr. McGhiey's response was found to be a proper objection, it was waived.

Perhaps anticipating this result, Mr. McGhiey now argues that there is good cause to allow his untimely objections (Doc. 70 at 7). But he has not filed a motion for relief from his untimely responses and, even if he had, it would be pointless because he did not assert a valid objection to the discovery. If Mr. McGhiey's health precludes him from participating in discovery, then he should have filed a motion for protective order, supported by the type of evidence discussed in cases including Smith v. Yeager, No. 16-554 (RBW), 322 F.R.D. 96, at 99 (D.D.C. Sept. 15, 2017); Maier v. The American Ins. Co., No. 1:14-cv-3906-ODE, 2015 WL 12592108 at *3 (N.D. Ga. July 15, 2017); and Jennings v. Family Management, No. CIV.A.00-434 (LFO/JMF), 201 F.R.D. 272, 275 (D.D.C. July 16, 2001).

Next, Mr. McGhiey argues that discovery on his claims is unnecessary and moot because Defendant has asserted as an affirmative defense that: "Contemporaneous with the filing of this Answer, Orange Lake has tendered funds in excess of the damages that Plaintiffs can recover on their claims and has agreed to payment of reasonable attorneys'

fees and costs incurred in this action as to be determined by the Court." (Id., at 3). Plaintiffs' claims may ultimately be disposed of on this basis but for now, they remain pending and therefore, the discovery directed to Plaintiffs' claims is not moot.

Next, Mr. McGhiey contends that the motion to compel should be denied because Defendant failed to comply with Local Rule 3.01(g) which requires parties to truly meet and confer before most motions are filed (Id., at 12). Defendant has not requested leave to reply to this new argument which is supported by the email attached to Mr. McGhiey's memorandum (Doc. 70 at 19). While the Court will not deny the motion to compel on this basis, it does at this time **DENY** Defendant's request for attorney's fees and costs. See Fed. R. Civ P. 37(a)(5)(A)(i).

Lastly, Mr. McGhiey seeks leave to supplement or amend his response to the motion to compel after conferral with attorney Robert Baldwin who is currently hospitalized (Id., at 14). There are three problems with this request. First, it should have been made by separate motion. Second, while the Court understands that Mr. Baldwin is Plaintiffs' primary lawyer at DC Capital Law he has never appeared as counsel of record in this case. Third, Mr. McGhiey has not proffered what, if anything, Mr. Baldwin might be able to add. This motion is therefore, **DENIED**.

For the foregoing reasons, Defendant's motion to compel is **GRANTED**, Mr. McGhiey shall provide answers to the interrogatories and responses to the requests for production within 14 days from the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on July 5, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record